**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-21977-DPG**

MARTHA FERRER,

   **Plaintiff,**

v.

MIAMI-DADE COUNTY, FLORIDA,

   **Defendant.**

_____

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant MIAMI-DADE COUNTY, by and through undersigned counsel, answers Plaintiff MARTHA FERRER's Complaint in like-numbered paragraphs as follows:

1. Defendant admits that Plaintiff purports to bring this action the Florida Civil Rights Act of 1992, as amended ("FCRA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and pursuant to the American with Disabilities Act, 42 U.S.C. §12010, *et seq*. ("ADA"), but denies that Plaintiffs claims are viable or that Plaintiff is entitled to any relief.

2. Denied. Defendant denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

3. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. Denied, as phrased.

5. Admitted.

6. Admitted.

7. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 7 of the Complaint and, therefore, denies those allegations.

8. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 8 of the Complaint and, therefore, denies those allegations.

9.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 9 of the Complaint and, therefore, denies those allegations.

## FACTS COMMON TO ALL COUNTS

10.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11.    Admitted.

12.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

## COUNT I

### *Interference with Rights Under the FMLA*

27.    Defendant repeats and re-alleges paragraphs 1-26 above.

28.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 28 of the Complaint and, therefore, denies those allegations.

29.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 29 of the Complaint and, therefore, denies those allegations.

30.     Defendant lacks knowledge or information regarding the allegations contained in Paragraph 30 of the Complaint and, therefore, denies those allegations.

31.     Denied.

32.     Denied.

33.     Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 33 of the Complaint, including subparagraphs (A) through (F), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT II

### *Retaliation Under the FMLA*

34.     Defendant repeats and re-alleges paragraphs 1-26 above.

35.     Defendant lacks knowledge or information regarding the allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Defendant lacks knowledge or information regarding the allegations contained in Paragraph 36 of the Complaint and, therefore, denies those allegations.

37.     Defendant lacks knowledge or information regarding the allegations contained in Paragraph 37 of the Complaint and, therefore, denies those allegations.

38.     Denied.

39.     Denied.

40.     Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 40 of the Complaint, including subparagraphs (A) through (F), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT III

### *Disability Discrimination in Violation of the FCRA*

41. Defendant repeats and re-alleges paragraphs 1-26 above.

42. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 46 of the Complaint, including subparagraphs (A) through (E), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT IV

### *Hostile Work Environment in Violation of the FCRA*

47. Defendant repeats and re-alleges paragraphs 1-26 above.

48. Admitted.

49. Denied.

50. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 50 of the Complaint and, therefore, denies those allegations.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 57 of the Complaint, including subparagraphs (A) through (J), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all

matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT V

### Disability Discrimination in Violation of the ADA

58.    Defendant repeats and re-alleges paragraphs 1-26 above.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 69 of the Complaint, including subparagraphs (A) through (J), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT VI

### Hostile Work Environment in Violation of ADA

70.    Defendant repeats and re-alleges paragraphs 1-26 above.

71.    Admitted.

72.    Denied.

73.    Defendant lacks knowledge or information regarding the allegations contained in Paragraph 73 of the Complaint and, therefore, denies those allegations Denied.

74.    Denied.

75.    Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 80 of the Complaint, including subparagraphs (A) through (J), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT VII

### *Violation of Title VII of Civil Rights Act of 1964: Disability Discrimination*

81. Defendant repeats and re-alleges paragraphs 1-26 above.

82. Defendant lacks knowledge or information regarding the allegations contained in Paragraph 82 of the Complaint and, therefore, denies those allegations Denied.

83. Denied.

84. Denied.

85. Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 85 of the Complaint, including subparagraphs (A) through (E), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT VIII

### *Violation of Title VII of Civil Rights Act of 1964: Hostile Work Environment*

86. Defendant repeats and re-alleges paragraphs 1-26 above.

87. Admitted.

88. Denied.

89.     Defendant lacks knowledge or information regarding the allegations contained in Paragraph 89 of the Complaint and, therefore, denies those allegations Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

With respect to the unnumbered "WHEREFORE" clause following Paragraph 96 of the Complaint, including subparagraphs (A) through (J), Defendant denies that Plaintiff is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff demands a jury trial; Defendant denies any liability or wrongdoing and denies that Plaintiff is entitled to a jury trial in this action.

## AFFIRMATIVE DEFENSES AND DENIALS

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

1.      Plaintiff's Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

2.      This Court does not have subject matter jurisdiction of Plaintiff's claims, in whole or part, because allegations in the Complaint are outside the scope of and/or are inconsistent with the charge of discrimination Plaintiff submitted to the EEOC and/or FCHR.

3.      Plaintiff's claims are barred to the extent they were not the subject of a timely administrative charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") and/or the Florida Commission on Human Relations ("FCHR").

4.      Plaintiff has failed to establish a *prima facie* case of discrimination or retaliation based on any protected class.

5.      Plaintiff has failed to establish a *prima facie* case of discrimination or retaliation because she did not suffer an adverse employment action.

6.      Plaintiff has failed to state a claim for retaliation because she did not engage in any protected activity.

7.      Plaintiff has failed to state a claim because there is no casual connection between the alleged protected activity and the adverse employment action.

8.      Plaintiff has failed to state a claim for retaliation because any alleged acts of retaliation were too remote in time from any alleged protected activity, and therefore do not establish the causation element required for a retaliation claim.

9.      Any actions taken by Defendant with regard to Plaintiff's employment were taken for legitimate non-discriminatory, and non-retaliatory business reasons for which there is no evidence of pretext.

10.     Defendant would have made the same decision(s) regarding Plaintiff's employment even if it had not taken Plaintiff's Family and Medical Leave Act ("FMLA") leave into account.

11.     Plaintiff's alleged disability is transitory or minor.

12.     Plaintiff was not a "qualified individual" under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 or the Florida Civil Rights Act.

13.     Plaintiff was unable to perform the essential functions of Plaintiff's job with or without a reasonable accommodation.

14.     Defendant made a good faith effort to fully and fairly investigate all claims raised by Plaintiff and took prompt and appropriate remedial action.

15.     Defendant had effective policies and procedures in place, aimed at preventing discrimination and retaliation in the workplace. Plaintiff was familiar with the Defendant's policies and procedures. Any actions taken by any employees of Defendant contrary to such policies contravened Defendant's good faith efforts to comply with anti-harassment, anti-

discrimination, and anti-retaliation laws, were taken without Defendant's consent or authorization, and cannot be attributed to Defendant.

16.     Defendant was not put on notice of Plaintiff's disability nor provided a record of Plaintiff's alleged disability.

17.     Plaintiff did not request any reasonable accommodation(s).

18.     Defendant made good faith efforts to consult with Plaintiff in order to identify and make a reasonable accommodation that would not cause an undue hardship on Defendant.

19.     Plaintiff refused to engage in the interactive process.

20.     The accommodation(s) Plaintiff requested would have imposed an undue hardship on the operation of Defendant's duties.

21.     The accommodation Plaintiff requested is barred by local, state, or Federal law and/or regulations.

22.     Defendant did not treat similarly situated employees more favorably than Plaintiff.

23.     Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine, to the extent that discovery shows she engaged in misconduct prior to, during, after, or in connection with her employment, that otherwise would have resulted in his discharge if Defendant had then known of that conduct.

24.     Plaintiff fails to state a claim for damages in the form of back pay, front pay, loss of earnings in the past or future, injury to reputation, and/or irreparable injury.

25.     Plaintiff's damages are limited, in whole or in part, by her interim earnings or amounts earnable with reasonable diligence.

26.     The County made good-faith efforts to prevent unlawful discrimination and retaliation in the workplace. Defendant maintains and informs its employees of its equal employment opportunity and anti-discrimination policies, which strictly prohibit retaliation of any kind. Any actions taken by any employees of the County contrary to such policies contravened the County's good faith efforts to comply with anti- harassment, anti-discrimination and anti-retaliation laws, were taken without the County's consent or authorization, and cannot be attributed to Defendant.

27.     Plaintiffs right to recover damages under the FCRA, if any, is limited by the provisions of Fla. Stat.§§ 760.11 and 768.28. Specifically, Fla. Stat.§ 760.11(5) limits the

total amount of recovery against Defendant to that which is set forth in Fla. Stat.§ 768.28(5). Moreover, Fla. Stat. § 760.11(9) limits the accrual of any liability for back pay to a date no more than 2 years prior to the filing of a complaint with the commission.

28. Defendant's alleged actions were not sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

29. Defendant exercised reasonable care to prevent and promptly correct any harassing behavior in the workplace.

30. Plaintiff did not give Defendant proper notice of Plaintiff's need for leave under the Family and Medical Leave Act.

31. Plaintiff did not have a serious health condition.

32. Plaintiff was not entitled to leave under the Family and Medical Leave Act.

Defendant reserves the right to amend its answer and state such other defenses as become apparent during its investigation and throughout the litigation in this case.

WHEREFORE, Defendant respectfully requests that this Court enter judgment as follows: (a) Order that Plaintiff take nothing by this action; (b) Dismiss Plaintiffs Complaint and any claim therein in its entirety with prejudice; (c) Order that judgment be entered in Defendant's favor; (d) Award Defendant its attorneys' fees and costs against Plaintiff pursuant to law; (e) Award Defendant such other relief, both at law and in equity, to which it may be entitled.

DATED: May 7, 2025

Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: s/ Andrea S. de Oña
Assistant County Attorney
Florida Bar No. 1019568
Telephone: 305-375-1351
Facsimile: (305) 375-5634
Email: Andrea.deona@miamidade.gov

MIAMI-DADE COUNTY ATTORNEY'S OFFICE

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF on May 7, 2025 on all counsel or parties of record on the Service List below.

s/ Andrea S. de Oña
Assistant County Attorney

MIAMI-DADE COUNTY ATTORNEY'S OFFICE